UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA HAMBLEY,

        Petitioner,        Case No. 1:14-cv-549

v.        Honorable Paul L. Maloney

CARMEN PALMER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated in the Michigan Reformatory. On October 7, 2011, Petitioner was convicted in the Ottawa County Circuit Court of first-degree murder, MICH. COMP. LAWS § 750.316(1)(a). The trial court sentenced him on October 24, 2011, to life imprisonment without the possibility of parole.

Petitioner appealed as of right to the Michigan Court of Appeals raising one claim of error, that there was insufficient evidence to convict him of first-degree murder. Specifically, Petitioner argued that the prosecutor failed to present sufficient evidence of deliberation to sustain the first-degree murder conviction. By unpublished opinion issued on January 15, 2013, the Michigan Court of Appeals rejected Petitioner's claim and affirmed his conviction. (See Mich. Ct. App. Opinion (MCOA Op.), docket #1-1, Page ID##7-8.)

Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court presenting the same claim raised before and rejected by the Michigan Court of Appeals. By order entered June 25, 2013, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the question presented should be reviewed. (See Mich. Ord., docket #1-1, Page ID#9.)

In his application for habeas corpus relief, Petitioner raises the sole claim of insufficiency of the evidence.

**Discussion**

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

In this case, the Michigan Court of Appeals found "overwhelming" evidence of premeditation and deliberation. The court stated:

> The elements of first-degree premeditated murder are: "(1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). With regard to premeditation and deliberation, this Court has explained:
>
>> To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem. As a number of courts have pointed out, premeditation and deliberation characterize a thought process undisturbed by hot blood. While the minimum time necessary to exercise this process is incapable of exact determination, the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a "second look." [*People v Plummer*, 229 Mich App 293, 300; 581 NW2d 753 (1998) (citation omitted).]
>
> Formation of a plan surrounding the killing and evidence that "the defendant moved the victim to a more secluded area" are indicative of premeditation and deliberation. *People v Johnson*, 460 Mich 720, 733; 597 NW2d 73 (1999). These elements may also be shown by consideration of the following factors: "'(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide.'" *People v Orr*, 275 Mich App 587, 591; 739 NW2d 385 (2007), quoting *People v Schollaert*, 194 Mich App 158, 170; 486 NW2d 312 (1992). "Moreover,

"[p]remeditation and deliberation may be inferred from all the facts and circumstances, but the inferences must have support in the record and cannot be arrived at by mere speculation." *Plummer*, 229 Mich App at 301.

The evidence of premeditation and deliberation presented at trial was overwhelming.[1] First, the prosecution presented text messages sent several days before the murder wherein defendant stated that he needed to find a way to "get even with [the victim]" over the alleged assault. Second, defendant expressly stated his intention to kill the victim several times before the murder, and was asked repeatedly by his girlfriend to reconsider the plan. Third, during defendant's telephone conversations with his girlfriend, he said that "it was taking longer for [the victim] to die than he expected" and that the victim was asking defendant to "call an ambulance or just kill me." Defendant's girlfriend could hear someone in the background and defendant admitted it was the victim. Thereafter, defendant confessed that he retrieved a shovel and struck the victim in the head. The medical examiner testified that if the victim received medical attention for his stab wounds, he would have survived. Fifth, defendant's journal entries show that he considered "[w]hat to do about [the victim]" over at least a span of three days leading up to the murder. Sixth, in defendant's written statement to police he wrote that he was upset about the alleged assault and "decided to kill [the victim]. For the rest of the week I decided on how to kill the victim." These actions show that defendant considered his actions beforehand and "measure[d] and evaluate[d] the major facets of [his] choice or problem." *Plummer*, 229 Mich App at 300 (citation omitted). The evidence easily allowed the jury to conclude that defendant had ample opportunity to take a "second look," even after stabbing the victim, and, if he had done so, the victim's life would have been spared. As such, a rational trier of fact could have found the elements of first-degree premeditated murder, MCL 750.316(1)(a), were proven beyond a reasonable doubt.

---

[1] Defendant properly concedes on appeal that "there was overwhelming evidence that defendant was present at [the victim's] death, wielded a knife and shovel causing his death, and was responsible for burying [the victim] in a shallow grave."

(MCOA Op. 1-2.)

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). Pursuant to § 2254(d), a writ of habeas corpus may not be granted unless the state court proceedings,

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). For purposes of a claim challenging the sufficiency of the evidence, a writ of habeas corpus may be granted under subsection (1) if the court concludes that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. In reviewing the petition to determine, pursuant to subsection (2), whether the decision was based on an unreasonable determination of facts, a determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656; *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Under the foregoing authorities, the recitation of facts by the Michigan Court of Appeals is presumed correct. The evidence as described by the court of appeal is such that a rational trier of fact would find the element of premeditation and deliberation, as defined by Michigan law, beyond a reasonable doubt. *See Selinkski v. Johnson*, No. 94-2040, 1995 WL 293894, at *1 (6th Cir. May 12, 1995) (based upon the unchallenged facts, as summarized by the Michigan Court of Appeals, there was amply evidence to allow a jury to convict the petitioner beyond a reasonable doubt.) While Petitioner generally asserts that the evidence was insufficient to support his conviction, he does not challenge any of the factual findings of the Michigan Court of Appeals, nor does he make any other specific argument about how the evidence cited by the court of appeals was

insufficient to support his conviction for first-degree murder. Petitioner, therefore, is not entitled to habeas corpus relief.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   June 12, 2014                    /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          United States District Judge